UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN LEE SPURLOCK and SALLY MICHELLE SPURLOCK, | ) ) ) |
| Appellants, | ) ) No. 1:13-cv-01765-SEB-TAB |
| vs. | ) ) ) |
| MOREQUITY, INC., | ) ) |
| Appellee. | ) ) |

**ORDER AFFIRMING THE RULINGS OF THE BANKRUPTCY COURT**

This is a bankruptcy appeal.  The Bankruptcy Court denied the motion filed by Appellants Brian Lee Spurlock and Sally Michelle Spurlock ("the Spurlocks"), proceeding *pro se*, seeking reconsideration of a prior order by the Bankruptcy Court on the Spurlocks' motion brought pursuant to Federal Rule of Civil Procedure 60, as more fully explained below.  The merits of this appeal have been fully briefed, and the Court, being duly advised, now AFFIRMS the Bankruptcy Court's order, denying Rule 60 relief.[1]

**Factual and Procedural Background**

The Spurlocks owned real property, commonly known as 10941 Geist Road, Fishers, Indiana ("the Property").  On January 28, 2005, the Spurlocks executed and

---

[1] On November 20, 2013, Appellants filed a Motion to Stay Pending Appeal [Docket No. 7], requesting that the Court stay the impending sheriff's sale of the property at issue pending resolution of their appeal.  Because we affirm the Bankruptcy Court's order for the reasons detailed below, Appellants Motion to Stay is DENIED AS MOOT.

1

delivered to Bay Capital Corporation ("Bay Capital") an Interest Only Adjustable Rate Note ("Note") and a mortgage ("the Mortgage") granting Bay Capital a security interest in the Property to secure the repayment of the loan it had extended to the Spurlocks.  The Mortgage was recorded in the Hamilton County Recorder's Office on February 7, 2005, as Instrument number 200500007351.  Bay Capital subsequently assigned the Mortgage to Appellee MorEquity, Inc. ("MorEquity") by a separate instrument, which was recorded in the Hamilton County Recorder's Office on July 26, 2005, as Instrument number 200500046617.

The Spurlocks failed to make a monthly payment that was due on March 1, 2008.  In fact, they have not made any payments due under the Note since February 14, 2008.  On August 27, 2008, MorEquity initiated a foreclosure action against the Property by filing a complaint in Hamilton Circuit Court ("the Foreclosure Action").  The Spurlocks subsequently filed counterclaims against MorEquity based on theories of fraud, negligence, breach of contract, and various statutory violations, but the state court dismissed with prejudice the Spurlocks' counterclaims and amended counterclaims.  MorEquity filed a motion for summary judgment in the Foreclosure Action on December 14, 2011.  On March 16, 2012, the state court conducted a hearing on that motion and on March 21, 2012, before the state court could rule, the Spurlocks filed for bankruptcy under Chapter 13 of Title 11 of the United States Code.  Thereafter, the state court granted MorEquity's motion for summary judgment but because of the Spurlock's pending bankruptcy proceedings, the order was not enforceable.

On April 17, 2012, MorEquity filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay and for Abandonment of Property and Notice of Objection to Chapter 13 Plan ("Motion for Relief from Stay"), seeking relief from the automatic stay imposed by 11 U.S.C. § 362. On June 4, 2012, the Bankruptcy Court conducted a hearing on the Motion for Relief from Stay and the Spurlocks' objections to the motion, which were based primarily on MorEquity having failed to establish that it possessed the original note for the Property. Just before the hearing was set to begin, however, MorEquity produced the original note to the Spurlocks' attorney.[2] Upon advice of their counsel, given that the original note had been produced, the Spurlocks withdrew all objections to the Motion for Relief from Stay. There being no objections, the Bankruptcy Court granted the Motion for Relief from Stay on June 6, 2012 ("Stay Relief Order"), finding that "MorEquity is the holder and party entitled to enforce the Note," and that the "Note is secured by a valid first priority Mortgage on the Real Estate." Docket No. 8-7. The court also found that the Spurlocks "do not have any equity in the Real Estate and have [proposed] to surrender the Real Estate upon a finding by this court that MorEquity is the party entitled to enforce the Mortgage and Note." *Id.*

As part of its Motion from Relief from Stay, MorEquity objected to the original Chapter 13 Plan which proposed that MorEquity not be paid any amount of money on its claim. MorEquity argued that such an exclusion represented an attempt to modify its rights as a holder of a secured claim in real property that was the debtors' (the

---

[2] The Spurlocks were at that time represented by counsel.

3

Spurlocks') principal residence, in violation of 11 U.S.C. § 1322(a)(b)(2). Not long after the hearing on the Motion from Relief from Stay and the entry of the Stay Relief Order, the Spurlocks filed an Amended Chapter 13 Plan asserting that, upon confirmation, the Property would be abandoned and surrendered to MorEquity. On August 28, 2012, the Bankruptcy Court entered the Order Confirming Plan ("Confirmation Order").

Following entry of the Stay Relief Order, MorEquity requested the issuance of a foreclosure judgment by the Hamilton Circuit Court. The Spurlocks interposed no opposition to the entry of such a judgment, thus the state court granted MorEquity's request. Subsequently, however, the Spurlocks appealed the judgment of foreclosure to the Indiana Court of Appeals, contending, *inter alia*, that their due process rights had been violated and that there was fraud throughout their dealings with MorEquity. The Court of Appeals dismissed the appeal on collateral estoppel grounds, reasoning that the issues raised by the Spurlocks in their foreclosure appeal had already been decided by the Bankruptcy Court in its order granting relief from the automatic stay. *See Spurlock v. MorEquity, Inc.*, No. 29A04-1207-MF-345, 2013 WL 980031 (Ind. Ct. App. Mar. 12, 2013), *trans. denied*, 994 N.E.2d 732 (Ind. 2013).

On June 3, 2013, nearly a year after the Bankruptcy Court had entered the Stay Relief Order, the Spurlocks filed a Motion for Partial Relief from that Order, pursuant to Federal Rule of Civil Procedure 60. In their Rule 60 motion, the Spurlocks argued that the validity of the lien was not at issue in the hearing for relief from the automatic stay and therefore the question of whether the lien was valid had not been adjudicated on the

4

merits. Accordingly, the Spurlocks requested that the language in the Bankruptcy Court's Stay Relief Order regarding the validity and enforceability of the note and lien be deleted. More specifically, the Spurlocks requested that the word "valid" be removed from paragraph number six of the Stay Relief Order, which read: "[The] Note is secured by a valid first priority Mortgage on the Real Estate." On September 3, 2013, following a hearing on the Rule 60 motion, the Bankruptcy Court issued a ruling denying the Spurlocks' motion on the grounds that they had failed to put forth any evidence to establish an entitlement to relief under Rule 60. The Bankruptcy Court also held that the Spurlocks' delay in filing their Rule 60 motion, coupled with other dilatory behavior on their part in both the Bankruptcy Court and state court proceedings, undermined the equitable relief they had requested.

On September 17, 2013, the Spurlocks filed a motion to reconsider the Bankruptcy Court's denial of their Rule 60 motion and requested an adversarial hearing on the validity of the lien on the Property. The Bankruptcy Court denied the motion to reconsider on September 23, 2013, concluding that there was insufficient legal and factual support for the relief they requested. On October 14, 2013, the Spurlocks filed the instant appeal of the Bankruptcy Court's denial of the motion to reconsider, which is now before us for decision.

## Legal Analysis

It is clear from the Spurlocks' briefs that they disagree with virtually every decision made by the Bankruptcy Court and Hamilton Circuit Court in the underlying

bankruptcy and foreclosure proceedings.  However, while they have put forth a number of arguments addressing various rulings issued by those courts, the scope of our review is limited to the Bankruptcy Court's September 23, 2013 Order denying the Spurlocks' motion to reconsider the denial of their Rule 60 motion.  Our review of this order is to determine whether it amounted to or otherwise reflected an abuse of discretion.  *See In re United Airlines, Inc.*, 318 Fed. App'x 429, 431 (7th Cir. 2009) (citations omitted).  An abuse of discretion occurs when a decision is "premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied."  *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009) (internal quotation marks and citation omitted).  Here, the Spurlocks have presented no grounds on which we could properly conclude that the Bankruptcy Court abused its discretion in denying their motion to reconsider the denial of their Rule 60 motion.

In their original Rule 60 motion, the Spurlocks requested that the Bankruptcy Court remove the word "valid" from its Stay Relief Order, arguing that the validity of the lien had not been adjudicated in the hearing on MorEquity's motion to lift the stay. Given that the Spurlocks had at that point withdrawn all of their objections to the validity of the Mortgage and promised to surrender the Property in their Chapter 13 plan, we cannot find that the Bankruptcy Court abused its discretion in denying that motion.[3]

---

[3] It is true that when a bankruptcy court "is made aware at a stay relief hearing that fundamental questions exist over the extent, validity, or priority of a movant's security interest it is appropriate to deny relief until such issues can be resolved in an adversary proceeding." *In re Topgallant Lines, Inc.*, No. 89-41996, 1993 WL 13004125, at *2 (Bankr. S.D. Ga. Feb. 8, 1993)

Moreover, after the Stay Relief Order was issued, the Spurlocks chose not to appeal that order or otherwise interpose any objections to the language therein until almost a full year later, when the Rule 60 motion was filed.  Relief under Rule 60(b)[4] "is an extraordinary remedy," (*Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quotation omitted)), and must be requested within a "reasonable time" period.  Fed. R. Civ. Pro. 60(c)(1).  It allows a judgment to be set aside for various grounds, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; misconduct of the opposing party; or any other reason that justifies relief.  Fed. R. Civ. Pro. 60(b).  It is not, however, "a substitute for a timely appeal."  *United Airlines*, 318 Fed. App'x at 431 (citations omitted).

Likewise, the Bankruptcy Court did not abuse its discretion in denying the Spurlocks' motion to reconsider and request for an adversarial hearing to determine the validity of MorEquity's security interest as the motion to reconsider set forth no new evidence or other grounds to justify reconsideration of the Bankruptcy Court's prior sound ruling.  Despite the Spurlocks' prolixity (as evidenced by the one hundred pages of documents they attached to their motion to reconsider), there is no indication that any of the evidence submitted was newly discovered.  The motion to reconsider was instead merely a rehash of arguments they had already presented on numerous occasions in both

---

(citations omitted).  Here, however, the Spurlocks withdrew all of their objections to MorEquity's motion for relief from the automatic stay, including their objections to the validity of the Mortgage.

[4] Under Rule 60(a), a clerical mistake in an order or other part of the record may be corrected.  However, that provision of Rule 60 is inapplicable here as there is no evidence that the inclusion of the word "valid" in the Stay Relief Order was a clerical error.

the state court and the Bankruptcy Court.  To the extent that the Spurlocks maintained in their motion to reconsider that the Bankruptcy Court in its initial ruling had overlooked material issues of fact or otherwise misunderstood or failed to address their arguments, such contentions fall outside the scope of Rule 60(b).

Nor was there any basis for the Bankruptcy Court to grant the Spurlocks the adversarial hearing they requested as part of their motion to reconsider.  Pursuant to Federal Rules of Bankruptcy Procedure 5005 and 7003, a debtor can initiate an adversary proceeding only by filing a complaint.  Fed. R. Bankr. Pro. 5005, 7003.  The Spurlocks' motion to reconsider does not constitute a complaint nor was it served in accordance with Federal Rule of Bankruptcy Procedure 7004.  Accordingly, the Bankruptcy Court did not abuse its discretion in denying the Spurlocks' request for an adversarial hearing.

## Conclusion

For the reasons detailed above, we hold that there was no abuse of discretion by the Bankruptcy Court in denying the Spurlocks' motion for reconsideration and request for an adversarial hearing.  Therefore, the Bankruptcy Court's ruling is AFFIRMED.  Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:  _____12/17/2013_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

BRIAN LEE SPURLOCK
10941 Geist Road
Fishers, IN 46037

SALLY MICHELLE SPURLOCK
10941 Geist Road
Fishers, IN 46037

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Jeremy M. Dunn
FROST BROWN TODD LLC
jdunn@fbtlaw.com